ENRIGUE CEDENO *vs.* COMMONWEALTH.

Suffolk.   January 6, 1989. — February 23, 1989.

Present: WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Controlled Substances. Practice, Criminal,* Sentence. *Statute,* Construction. *Due Process of Law,* Vagueness of statute.

Provisions of G. L. c. 94C, § 32A (*a*) and § 32A (*c*), prescribing allegedly inconsistent penalties for possession of cocaine with the intent to distribute it, contain no such ambiguity as would render them void for vagueness under the due process principles of the Massachusetts Constitution. [196]

Provisions of G. L. c. 94C, § 32A (*a*) and § 32A (*c*), prescribing allegedly inconsistent penalties for possession of cocaine with the intent to distribute it, are not void for vagueness, under the due process principles of the Massachusetts Constitution, by reason of their vesting excessive discretion in prosecutors to decide the penalty to which an accused will be exposed. [196-197]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on November 23, 1988.

The case was reported by *Wilkins,* J.

*Arnold R. Rosenfeld,* Committee for Public Counsel Services (*Maureeen B. Brodoff,* Committee for Public Counsel Services, with him) for Enrigue Cedeno.

*R. Michael Cassidy,* Assistant Attorney General, for the Commonwealth.

WILKINS, J.   The Legislature has enacted two statutory provisions making the possession of cocaine with intent to distribute it unlawful. The two provisions set forth somewhat inconsistent potential penalties for conviction of that crime. See G. L. c. 94C, § 32A (*a*), as amended through St. 1982, c. 650, § 7,[1] and G. L. c. 94C, § 32A (*c*), as amended by St. 1988,

---

[1] Section 32A (*a*) provides: "Any person who knowingly or intentionally manufactures, distributes, dispenses, or possesses with intent to manufac-

c. 125.[2] Although there are considerable similarities in the sentencing options available to a judge under the two statutes, § 32A (*c*) requires the imposition on conviction of "a mandatory minimum term of imprisonment of one year," whereas § 32A (*a*) contains no mandatory minimum prison term. Relying solely on the due process of law provisions of the Constitution of the Commonwealth, the plaintiff, Cedeno, argues that the two sections are void for unconstitutional vagueness and that as a result he may not properly be convicted under either section. We reject the argument.[3]

The case is before us on a reservation and report by a single justice of this court on the pleadings and an "Agreed Statement of Facts." In September, 1988, a complaint was brought under G. L. c. 94C, § 32E (1986 ed.), in the Dorchester District Court charging Cedeno with trafficking in cocaine. Counsel was appointed. In October, 1988, after a bench trial, a judge found Cedeno guilty of the lesser-included offense of posses-

---

ture, distribute or dispense a controlled substance in Class B of section thirty-one shall be punished by imprisonment in the state prison for not more than ten years, or in a jail or house of correction for not more than two and one-half years, or by a fine of not less than one thousand nor more than ten thousand dollars, or both such fine and imprisonment."
    Cocaine is a controlled substance in Class B of § 31.

[2] Section 32A (*c*) provides: "Any person who knowingly or intentionally manufactures, distributes, dispenses or possesses with intent to manufacture, distribute or dispense phencyclidine or a controlled substance defined in clause (4) of paragraph (a) of class B of section thirty-one shall be punished by a term of imprisonment in the state prison for not less than two and one-half nor more than ten years or by imprisonment in a jail or house of correction for not less than one nor more than two and one-half years. No sentence imposed under the provisions of this section shall be for less than a mandatory minimum term of imprisonment of one year and a fine of not less than one thousand nor more than ten thousand dollars may be imposed but not in lieu of the mandatory minimum one year term of imprisonment, as established herein."
    Cocaine and its derivatives and chemical equivalents are the controlled substances defined in "clause (4) of paragraph (1) of Class B of [§ 31]."

[3] Cedeno grants that he could properly be sentenced for the lesser included offense of simple possession of cocaine under G. L. c. 94C, § 34 (1986 ed.), on a complaint charging him with violation of § 32A (*a*). See *Commonwealth* v. *Gagnon*, 387 Mass. 768, 769, 773 (1982), cert. denied, 464 U.S. 815 (1983).

sion of a Class B substance (cocaine) with intent to distribute it in violation of § 32A (a). The judge sentenced Cedeno to two years in a house of correction, service of one year of which he suspended. The judge did not impose a mandatory minimum sentence, and appropriately so, because § 32A (a) does not call for a mandatory minimum sentence. Cedeno appealed to the six-person jury session of the Boston Municipal Court.

On October 21, 1988, the day set for trial, Cedeno's attorney requested leave to withdraw, and a judge of the Boston Municipal Court remanded the case to the Dorchester District Court "as this court lacks jurisdiction. See Chap. 94C, sec. 32A." A judge in the Dorchester District Court thereafter assigned the Committee for Public Counsel Services as new counsel, and Cedeno subsequently was released on bail.

Promptly on its appointment, the Committee for Public Counsel Services commenced this action on behalf of Cedeno under G. L. c. 211, § 3 (1986 ed.), in the Supreme Judicial Court for Suffolk County, asserting the constitutional challenge we have described earlier. Although that constitutional issue was not raised in the Dorchester District Court at any time, the question presented by Cedeno's petition in the county court is one of Statewide significance and should be answered in the exercise of our statutory power of general superintendence.[4]

---

[4] The Commonwealth agrees. The facts we have recited show that one District Court judge believes that the District and Municipal Courts have jurisdiction of G. L. c. 94C, § 32A (a), complaints and one Boston Municipal Court judge believes otherwise.

Based on its records, the Committee for Public Counsel Services indicates that between July 14, 1988, when the 1988 amendment of § 32A (c) became effective, and November 30, 1988, counsel has been assigned in 2,196 cases alleging violations of G. L. c. 94C, § 32A. The parties have agreed that since that date "cases charged under G. L. c. 94C, § 32A, largely possession with intent to distribute cocaine cases, have been proceeded upon differently in the different counties and in different courts. According to information provided to counsel by the district attorneys' offices and the regional supervisors of the Committee for Public Counsel Services, Public Counsel Division, in some counties there is a policy by the district attorney to allow prosecution of these cases as a complaint within the final jurisdiction of the district court under G. L. c. 94C, § 32A (a), although this subparagraph may or may not be specified in the complaint. In other counties, there is

The governing principles of Federal due process protection against vague criminal statutes are well established. As to allegedly inconsistent criminal penalties, we recently summarized the application and rationale of that Federal due process concept in *Commonwealth* v. *John G. Grant & Sons*, 403 Mass. 151 (1988). "The principle that no one may be required at his peril to speculate as to the meaning of a criminal statute applies to sentencing as well as to substantive provisions. See *Commonwealth* v. *Gagnon*, 387 Mass. 567, 569 (1982), citing *United States* v. *Batchelder*, 442 U.S. 114 (1979), and *United States* v. *Evans*, 333 U.S. 483 (1948) . . . ." *Id.* at 155. "The concept that a criminal statute may be void for vagueness is based in part on the principle that a person should be able to know what conduct is criminal and what will be the consequences to him of a violation of that statute. See *United States* v. *Harriss*, 347 U.S. 612, 617 (1954); *Commonwealth* v. *Jasmin*, 396 Mass. 653, 655 (1986). The concept is also founded in part on the principle that the statute should provide sufficient standards to control prosecutorial and judicial discretion. See *Grayned* v. *Rockford*, 408 U.S. 104, 108-109 (1972); *Commonwealth* v. *Williams*, 395 Mass. 302, 304-305 (1985)." *Id.* at 153-154.

Cedeno argues first that § 32A (*a*) and § 32A (*c*) are void for vagueness because a person could not tell until charged under one or the other subsection whether he was risking a mandatory minimum prison term. His second void for vagueness argument challenges the discretion that a prosecutor has to proceed under one or the other subsection.

There is no significant doubt about what the Supreme Court of the United States would do if Cedeno's notice argument were presented to it under the Fourteenth Amendment to the

---

a policy to prosecute the case as a complaint not within the final jurisdiction of the district court and therefore to proceed in the superior court either by probable cause hearing in the district court or by direct indictment. In still other counties, the policy differs in different courts. Judges in the various district courts have interpreted the statute various ways, some considering the offense it sets ··· .th as within the final jurisdiction of the district court, others ruling that it is not within the final jurisdiction of the district court."

United States Constitution. In *United States* v. *Batchelder, supra,* two statutes made the same conduct criminal and pre-scribed different maximum penalties. The defendant was found guilty and sentenced under the statute having the higher maximum penalty. The Supreme Court upheld the sentence. The Court said: "Although the statutes create uncertainty as to which crime may be charged and therefore what penalties may be imposed, they do so to no greater extent than would a single statute authorizing various alternative punishments. So long as overlapping criminal provisions clearly define the conduct prohibited and the punishment authorized, the notice requirements of the Due Process Clause are satisfied." *United States* v. *Batchelder, supra,* at 123. The *Batchelder* opinion presents a view substantially on point on these facts, but, of course, based on Federal due process of law principles rather than on the State due process of law provisions relied on in this case.

Cedeno does not urge that different underlying reasons for the void for vagueness doctrine apply in making a due process of law analysis under the Constitution of the Commonwealth. He argues in effect that State due process of law principles should be less tolerant of confusion in a criminal statute. We need not decide whether the State standard is stricter than the Federal standard. We simply see no significant ambiguity in the legislative intent expressed in § 32A (*a*) and § 32A (*c*). The only question, one which we address later in this opinion, is whether there is any constitutional weakness because the prosecutor can elect whether to proceed against a defendant under § 32A (*a*) in the District Court or under § 32A (*c*) in the Superior Court (perhaps after a probable cause hearing in the District Court).[5]

---

[5] The District Court has original jurisdiction over a complaint charging a violation of § 32A (*a*) but does not have original jurisdiction over a charge of violating § 32A (*c*). See G. L. c. 218, § 26 (1986 ed.).

Cedeno relies heavily on our opinion in *Commonwealth* v. *Gagnon,* 387 Mass. 567 (1982), in which we struck down as unconstitutionally vague a drug control statute that contained both a mandatory term of imprisonment and an optional penalty of a fine or imprisonment, or both, for violation of the statute. The *Gagnon* case, which was argued solely on Federal constitutional grounds, involved a special situation not present in this case. "[T]he conflict between legislative directions was substantial and irreconcilable. . . . There was no basis on which the inconsistency could be resolved." *Commonwealth* v. *John G. Grant & Sons,* 403 Mass. 151, 156 (1988) (applying only Federal due process principles. *Id.* at 154). The void for vagueness argument disappears, however, when there is no fundamental inconsistency in the expressed legislative intent. *Id.*

The Appeals Court has appropriately distinguished the *Gagnon* case from other situations in which claims of unconstitutional vagueness have been asserted. In one instance, it commented that the unconstitutional ambiguity in the *Gagnon* case appeared in clauses in the same section of a statute and "created a situation in which no reasonable person could have chosen among several possible constructions of the penalty provisions." *Commonwealth* v. *Maracic,* 18 Mass. App. Ct. 722, 725-726 (1984). In another case, the Appeals Court characterized the circumstances of the *Gagnon* case as one in which "the core concept [was] indecipherable" and "one could only speculate as to the punishment the Legislature may have intended by the impenetrable language employed to express it." *Fogelman* v. *Chatham,* 15 Mass. App. Ct. 585, 589 (1983).

In the *Gagnon* case, this court tried to resolve the statutory inconsistency by looking to the legislative history of the section but found it to be inconclusive. *Commonwealth* v. *Gagnon, supra* at 572. Confronted with a statute containing an ambiguity similar to that in the *Gagnon* case, a Federal Court judge in this State did not follow the *Gagnon* result, however, because he was able to resolve the "inconsistency" by looking at the accompanying statutory provisions and legislative history. *United States* v. *Restrepo,* 676 F. Supp. 368, 375 (D. Mass. 1987) ("Where Congress' intent has been expressed so clearly,

I will not construe the statute in a way that will frustrate that intent").

As we have said, there is no uncertainty about what the Legislature has provided in § 32A. Section 32A (*a*) proscribes certain conduct and prescribes a range of penalties for its violation. Section 32A (*c*) proscribes certain conduct which also falls within the conduct proscribed by § 32A (*a*) and prescribes a range of penalties. No one can be confused about what the Legislature intended. If a person possesses cocaine with the intent to distribute it, that conduct is criminal. That point is clear. The Legislature has said it twice in § 32A. It is equally apparent that, if a defendant is convicted under § 32A (*a*), a particular set of consequences stated in that subsection can follow. Similarly, if a defendant is convicted under § 32A (*c*), a particular set of consequences stated in that subsection can follow (and a mandatory one-year sentence will follow). If there is a problem in a constitutional sense in the coexistence of § 32A (*a*) and § 32A (*c*), it does not lie in any uncertainty about what those sections mean.

Cedeno's second argument is that § 32A (*a*) and § 32A (*c*) are void for vagueness because they vest excessive discretion in prosecutors and judges to decide the penalty to which an accused will be exposed. The sentencing discretion granted by § 32A (*a*) or by § 32A (*c*) to judges is no greater than that granted by many criminal statutes. The prosecutor, not the judge, decides whether a person is to be charged under § 32A (*a*) or under § 32A (*c*). We shall decide this question of prosecutorial discretion even though Cedeno was a beneficiary of prosecutorial discretion and was only charged under the subsection providing no mandatory minimum one-year sentence.

As we noted earlier, the range of prosecutorial discretion offered by § 32A (*a*) and § 32A (*c*) would not be an unconstitutional grant of authority under Federal due process principles. *United States* v. *Batchelder,* 442 U.S. 114, 123 (1979). See *Commonwealth* v. *Gallant,* 373 Mass. 577, 586-587 n.11 (1977) ("Arguments about incremental deterrence from varying potential punishments have no place in analyzing the vagueness of a statute"). Prosecutors have wide ranges of discretion in

deciding whether to bring criminal charges and in deciding what specific charges to bring. The policy choice the Legislature granted to prosecutors in § 32A is not inappropriately wide in range. In the absence of any showing that individual prosecutors have acted arbitrarily or unfairly in exercising their discretion, we see no violation of State due process principles resulting from the coexistence of § 32A (*a*) and § 32A (*c*). See *Robinson* v. *Berman,* 594 F.2d 1, 3 (1st Cir. 1979).

We conclude that the Dorchester District Court had jurisdiction over the complaint under G. L. c. 94C, § 32A (*a*), charging Cedeno with possession of cocaine with intent to distribute it. In turn, the Boston Municipal Court had jurisdiction of Cedeno's appeal to it for a jury trial (Commonwealth *vs.* Cedeno, Municipal Court of the City of Boston, Suffolk Co., # 886775 [1988]]). Judgment shall be entered in the county court ordering that the case of Commonwealth *vs.* Cedeno, District Court Dept., Dorchester Div., # 8807 CR 8750 (1988), be transferred to the Boston Municipal Court jury session for disposition.

*So ordered.*