COMMONWEALTH *vs.* RICHARD L. MURCHISON.

Hampden. February 7, 1994. - June 8, 1994.

Present: WILKINS, ABRAMS, O'CONNOR, & GREANEY, JJ.

*Practice, Criminal*, Argument by prosecutor, Argument by counsel, Instructions to jury. *Witness*, Bias, Credibility.

At a criminal trial, the judge's special instruction to the jury immediately after the conclusion of defense counsel's argument, tending to suggest that the police were telling the truth and to undercut the defendant's permissible and central argument that the police witnesses had lied, may have prejudiced the defendant; a new trial was required. [61-64]

INDICTMENT found and returned in the Superior Court Department on September 14, 1990.

The case was tried before *Richard F. Connon*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Patricia A. O'Neill*, Committee for Public Counsel Services, for the defendant.

*Jane Davidson Montori*, Assistant District Attorney, for the Commonwealth.

WILKINS, J. Convicted of possession of heroin with intent to distribute and sentenced as a second offender, the defendant appealed challenging the propriety of the judge's instructions to the jury immediately following the defendant's closing argument. The Appeals Court held that defense counsel had exceeded the limits of fair argument and that the judge had rightly criticized defense counsel's argument. *Commonwealth* v. *Murchison*, 35 Mass. App. Ct. 269, 269-270 (1993). On further appellate review, we conclude that defense counsel's jury argument, although excessive in certain aspects, was not as improper as either the trial judge or the

Appeals Court viewed it and that the judge's comments to the jury immediately after the conclusion of defense counsel's argument may have prejudiced the defendant's rights.

At the heart of the disagreement is whether defense counsel was warranted in arguing that Springfield police officers involved in the enforcement of drug laws lied in their testimony and that they were motivated to do so in order to obtain a conviction. The trial judge concluded that the argument was not supported by the evidence and told the jury not to consider the "fact" that an officer "would do anything to get a conviction." Before discussing the specific circumstances of this case, we shall set forth certain principles governing the permissible scope of final argument.

1. Opinions discussing the acceptability of particular jury arguments usually involve challenges to prosecutors' closing arguments. *Commonwealth v. Murchison, supra* at 274. Because the Commonwealth may not appeal from any possibly adverse consequences of a defendant's improper jury argument, the propriety of a defense counsel's jury argument usually arises only when a convicted defendant challenges some ruling or jury instruction by the trial judge concerning defense counsel's argument. See, e.g., *Commonwealth v. Antwine*, 417 Mass. 637, 642 (1994); *Commonwealth v. Gilmore*, 399 Mass. 741, 745 (1987); *Lovett v. Commonwealth*, 393 Mass. 444, 445 (1984); *Commonwealth v. Watson*, 377 Mass. 814, 822-823 (1979), *S.C.*, 409 Mass. 110 (1991); *Commonwealth v. Montecalvo*, 367 Mass. 46, 56 (1975); *Commonwealth v. Pettie*, 363 Mass. 836, 840 (1973); *Commonwealth v. Brownell*, 145 Mass. 319, 323-324 (1887); *Commonwealth v. Barry*, 9 Allen 276, 277 (1864).

In general, as the Appeals Court said (*Commonwealth v. Murchison, supra*), the standards are the same for prosecutor and defense counsel. See *United States v. Young*, 470 U.S. 1, 8-10 (1985) (noting similarity of general standards of proper trial conduct applicable to prosecutors and defense counsel).

Counsel may argue from the evidence and may argue fair inferences that might be drawn from the evidence. *Common-*

*wealth* v. *Earltop*, 372 Mass. 199, 205 (1977) (Hennessey, C.J., concurring). *Commonwealth* v. *Pettie, supra* at 840. Arguments not so supported are speculative, conjectural, and hence improper. *Commonwealth* v. *Kozec*, 399 Mass. 514, 522 (1987). The line between proper and improper advocacy is not always easily drawn. See *United States* v. *Young, supra* at 7 ("there is often a gray zone"). However, we allow great latitude to counsel in argument (*Commonwealth* v. *Pettie, supra*); we assume that jurors have a measure of sophistication in sorting out excessive claims (*Commonwealth* v. *Kozec, supra* at 517); and we advise judges not to invade the province of the jury to decide what inferences to draw from the evidence (*Commonwealth* v. *Bowden*, 379 Mass. 472, 486 [1980]). See *Commonwealth* v. *Gilmore*, 399 Mass. 741, 745 (1987).

The credibility of witnesses is obviously a proper subject of comment. Police witnesses are no exception. See *Commonwealth* v. *Simmons*, 20 Mass. App. Ct. 366, 370 (1985). One hundred and thirty years ago, Chief Justice Bigelow wrote for the court, concerning police witnesses in a criminal case, that "[a]s essentially affecting their bias, and the credit to be given to their testimony, their occupation and connection with the origin of the prosecution against the defendant might be important elements, and, within proper limits, proper subjects of comment by counsel, and of consideration by the jury." *Commonwealth* v. *Barry*, 9 Allen 276, 278 (1864). In other words, counsel may fairly contend, and a jury may properly consider, that a police witness has reason to want to convict a defendant whom the police officer arrested or gathered evidence against.

With a basis in the record and expressed as a conclusion to be drawn from the evidence and not as a personal opinion, counsel may properly argue not only that a witness is mistaken but also that a witness is lying. "In a case that essentially reduces to which of two conflicting stories is true, it may be reasonable to infer, and hence to argue, that one of the two sides is lying." *United States* v. *Molina*, 934 F.2d 1440, 1445 (9th Cir. 1991). See *People* v. *Edelbacher*, 47

Cal. 3d 983, 1030 (1989) (referring to testimony as "lies" is acceptable if "based on evidence rather than the prosecutor's personal belief resulting from personal experience or from evidence outside the record"); J.A. Stein, Closing Argument § 15 (1992). In short, where there is evidence from which the inference may be drawn that a police witness is lying, the fact that the witness is a police officer "may have a material bearing on the credibility of his testimony in a particular case." *Commonwealth* v. *Barry, supra* at 279-280. Supporting evidence for such an argument may come from inconsistencies in the witness's own testimony or from other evidence. The major point is that the motivations of a witness to lie because of his or her occupation and involvement in the matter on trial can be the subject of fair comment, based on inferences from the evidence and not advanced as an assertion of fact by counsel.[1]

With these principles in mind, we turn to the circumstances of the case before us.

2. The Appeals Court has carefully summarized the factual dispute concerning what the defendant did on August 27, 1990, in a parking lot in Springfield. *Commonwealth* v. *Murchison, supra* at 271-272. Officer O'Mara, from a concealed vantage point, saw what he believed was a drug transaction. The defendant denied that there was one, denied any connection with a plastic bag containing packets of heroin found nearby, explained the source of the thirty dollars found on him, and stated that the alleged buyer was simply a friend whom he had not seen for a while.

3. Defense counsel's closing argument was forceful.[2] He urged the jury to conclude that the police officer witnesses

---

[1]Whether such an argument is tactically superior to an argument that the witness is mistaken is a separate question for trial counsel to answer.

[2]Portions of the closing argument that are central to the question whether defense counsel's closing argument was improper follow:

DEFENSE COUNSEL: "Ladies and gentlemen, two police officers, Carlo Damato and John O'Mara undoubtedly think Richard Murchison is guilty. They are not going to get up here on the stand and testify as they did if they don't think he is guilty. Police officers make mistakes like anybody else. They can jump to conclusions just like anybody else does. In the end

were not telling the truth and were motivated to testify to make the charges "stick," providing details to make the story sound more credible to the jury. Such an argument is not inappropriate if it is presented as a reasonable inference that the jury should draw from such evidence as: inconsistencies in the police officers' testimony; the officers' experience as drug officers and witnesses in numerous prosecutions; their interest in obtaining convictions of drug dealers and in supporting the arrest that they made; and the conflict with the defendant's exculpatory evidence. It was not wrong to argue that the officers' courtroom experience made them appear more credible than the defendant and his witnesses but that the jury should not be misled by appearances.

what matters is not what these police officers think, but what you, as jurors think. You, as jurors in this case can honestly conclude beyond any reasonable doubt based on the testimony that you have heard here in this courtroom.

"It is important for you to understand what police officers think; what police officers think of Mr. Murchison is guilty. It's important for you to realize that because it is going to help you to understand the testimony as you think back over it.

"These police officers are soldiers in a war on drugs. And like any other soldier when they see the person they think is the enemy, in this case they think Mr. Murchison is the enemy, they shoot and they shoot to kill. These police officers in this case wanted to get their conviction of Mr. Murchison. They want it because they think he is guilty. They want it because it is important to them to make any charges that they bring stick.
". . .

"Now, as you've heard Officer O'Mara basically for the last six and a half years has done nothing but drug cases. He has testified in court hundreds of times. He knows what convinces juries. He knows what doesn't. He knows what he needs to say to get his conviction. And as I said, he wants his conviction in this case.
". . .

"They just don't make up a case for no reason at all, because they think he is guilty; because they want to make the charges stick they put together the details. They fill in little details to make the story one that will sell to a jury. And who better would know how to do that? An officer who was involved in drug arrests, thousands of drug arrests, testified in court hundreds of times, basically done nothing else for the last six and a half years. Well, maybe for police officers the end justifies the means, that if they think somebody is guilty they can get their conviction anyway."

It is true that defense counsel did not argue that the jury reasonably should infer from the evidence that the officers were lying. In context, however, that is what defense counsel was arguing when he said that it was important to the officers "in this case" to make the charges stick and thus they made up the details. We do not perceive such an argument as a reference to extra-record facts or as an expression of counsel's personal opinion on the truth or falsity of any testimony. On this record, defense counsel was entitled to argue both that the officers were lying and that they were motivated to do so.

We do agree with the Appeals Court, however, that defense counsel should not have stated that the police officers were "soldiers in a war on drugs" who, "when they see the person they think is the enemy, . . . shoot and they shoot to kill." *Commonwealth* v. *Murchison, supra* at 275. His argument should have been restricted to the evidence in this case and to inferences concerning the motives of the police officers who testified. He could have properly argued, for example, that the jury should infer that the police officers, who were involved in the apprehension of persons who buy and sell controlled substances, had an interest in obtaining convictions and that they were motivated toward identifying wrongdoing even when the facts did not support such a conclusion.

When defense counsel concluded his argument, the judge on his own motion held a side bar conference. He said to defense counsel that he was "going to instruct the jury about your inappropriate argument" that implied "that the police officers were lying." Defense counsel acknowledged that was his intended implication. The judge replied that there was "no evidence to support the basis of that." We disagree because such an inference was permissible, although far from compelled, from the evidence. When the judge reiterated that he was "going to give an instruction right now," defense counsel objected, contended that his argument had been appropriate, and urged, to the extent it was not, that the judge should wait to deal with it later. The judge, however, thought

the argument "so outrageous at this point I am going to deal with it now."

The judge then instructed the jury as set forth in the margin.[3] Apart from the doubtful propriety of giving any instruction at all at this point rather than later, the only objectionable language appears in the middle paragraph, in which the judge told the jury that they should not consider the "fact" that an officer "would do anything to get a conviction" and that there was "no evidence" before the jury that they would. He added that all witnesses are sworn to tell the truth. In context, the judge's comments tended to suggest that the police were telling the truth and thereby to undercut the defendant's permissible, and central, argument that the police witnesses had lied. Those comments may have led the jury to conclude that they should ignore all the defendant's arguments to that effect.[4] Because the defendant may have been prejudiced by the judge's special instruction, he is entitled to a new trial. See *Commonwealth* v. *Gilmore*, 399 Mass. 741, 746 (1987).

---

[3]THE JUDGE: "Ladies and gentlemen of the jury, you have heard a closing argument. I instructed you in the beginning that what counsel tells you is not evidence in the case and by the same [sic] that what counsel tells you in closing argument is not evidence in the case. At any time when counsel may comment to you what the evidence was in a given case it is not their recollection that controls. It is your recollection that controls.

"You're not to consider the fact that the officer would do anything to get a conviction. There is no evidence before you that they would do that, as well as that the ends would justify the means. All witnesses take the stand, give testimony on equal footing. They are sworn to tell the truth, the whole truth, and nothing but the truth.

"The Court will instruct you on credibility of witnesses. I will do so in my instructions after the Commonwealth makes some closing arguments, but what is said to you in the closing argument is not evidence in the case or the contention of the parties. I will instruct you on that later."

[4]The judge would have been warranted in correcting the excesses that we have identified in the defendant's closing argument, preferably doing so as part of his final instructions to the jury rather than between the closing arguments of the defense and the prosecution.

The judgment is reversed, the verdict is set aside, and the case is remanded to the Superior Court for further proceedings.[5]

*So ordered.*

---

[5]In vacating the judgment, we automatically vacate the sentence as a second offender, which, as the Appeals Court correctly ruled, was improperly entered because the defendant had not properly waived his right to a jury trial on that question. See *Commonwealth* v. *Murchison*, 35 Mass. App. Ct. 269, 276 (1993).