COMMONWEALTH *vs.* JOHN J. ZWICKERT.

No. 92-P-578.

Middlesex. June 6, 1994. - September 29, 1994.

Present: ARMSTRONG, DREBEN, & GILLERMAN, JJ.

*Controlled Substances. Practice, Criminal,* Sentence. *Statute,* Construction.

In a criminal case, no error appeared in the judge's sentencing the defend-
ant pursuant to the provisions of G. L. c. 94C, § 32A (*d*), rather than
the less stringent provisions of § 32A (*b*), after his conviction as a re-
peat offender for possession of cocaine with intent to distribute, where
the indictment charged the defendant with possession with intent to dis-
tribute, not just a Class B controlled substance, but rather cocaine spe-
cifically, thus putting the defendant on notice that he was exposed to
the more stringent penalties of § 32A (*c*). [366-368] DREBEN, J.,
concurring.

At the trial of a defendant observed by police officers in at least two in-
stances receiving cash from buyers of cocaine and then speaking to a
second person who delivered the cocaine to the buyers, the evidence was
sufficient to warrant the jury in finding the defendant guilty of posses-
sion of the drug with intent to distribute. [368-369]

INDICTMENTS found and returned in the Superior Court
Department on December 4, 1990.

The cases were tried before *Sandra L. Hamlin,* J.

*MaryEllen Kelleher* for the defendant.

*Jeffrey S. Marlin,* Special Assistant District Attorney, for
the Commonwealth.

ARMSTRONG, J. The defendant was tried and found guilty
by a jury on an indictment charging him with possession of
cocaine with intent to distribute ("cocaine distribution con-
viction"). He was next tried jury-waived on an indictment
charging that the cocaine distribution conviction was his sec-
ond conviction under G. L. c. 94C, § 32A. The judge found
him guilty ("repeat offender conviction"). The principal issue

on appeal arose on sentencing. The district attorney argued that the cocaine distribution conviction was under § 32A(*c*), with the consequence that the defendant faced a mandatory minimum term of five years for the repeat offender conviction under § 32A(*d*). Defense counsel argued that the cocaine distribution conviction was under § 32A(*a*), and thus that the repeat offender conviction was under § 32A(*b*), with a minimum term of only three years.[1] The judge agreed with the Commonwealth and imposed a five-to-seven year sentence.[2]

---

[1] General Laws c. 94C, § 32A, as in effect on November 2, 1990, the date of the cocaine distribution offense, read, in material part, as follows (with emphasis supplied):

"(*a*) Any person who knowingly or intentionally manufactures, distributes, dispenses, or possesses with intent to manufacture, distribute or dispense *a controlled substance in Class B of section thirty-one* shall be punished. . . .

"(*b*) Any person convicted of violating [subsection (*a*)] after one or more prior convictions of [distributing or possessing with intent to distribute] a controlled substance . . . shall be punished by a term of imprisonment in the state prison for not less than three nor more than ten years. No sentence imposed under the provisions of this section shall be for less than a mandatory minimum term of imprisonment of three years. . . .

"(*c*) Any person who knowingly or intentionally manufactures, distributes, dispenses or possesses with intent to manufacture, distribute or dispense phencyclidine or *a controlled substance defined in clause (4) of paragraph (a) of class B of section thirty-one shall be punished* . . . .

"(*d*) Any person convicted of violating the provisions of subsection (*c*) after one or more convictions of [distributing or possessing with intent to distribute] a controlled substance . . . shall be punished by a term of imprisonment in the state prison for not less than five nor more than fifteen years. . . ."

Concerning subsection (*c*): The words "clause (4) of par. (a) of class B" include coca leaves and their derivatives, one of which is cocaine. Subsection (*c*) of § 32A was amended after 1990 to include methamphetamine and its derivatives. See St. 1991, c. 391.

[2] A five-to-seven year State prison sentence is within the range permitted under subsection (*b*), but the judge expressly stated that she was constrained to give a five-year minimum by subsection (*d*). Compare *Commonwealth* v. *Bradley*, 35 Mass. App. Ct. 525, 526 n.3 (1993).

The defendant's argument is premised on a statement made in *Cedeno* v. *Commonwealth*, 404 Mass. 190 (1989), to the effect that cocaine distribution is prohibited by two different statutory provisions (i.e., G. L. c. 94C, § 32A[*a*] and § 32A[*c*]) with different penalties. The indictment of the defendant did not, on its face, as contrasted with its back, specify whether the charge was laid under subsection (*a*) or subsection (*c*).[3] Hence, the defendant's argument goes, a rule of lenity should be applied, and the indictment taken to be laid under subsection (*a*), as the more lenient of the two statutes prohibiting cocaine distribution. If this is done, the second offender conviction would be under subsection (*b*), with a mandatory minimum prison term of three years. Thus, he argues, the case should be remanded for resentencing.

The trial judge properly rejected this contention. The words of the indictment[4] tracked the language of G. L. c. 94C, § 32A(*c*), rather than § 32A(*a*). The purpose of subsection (*c*), as it read at the time of the events in issue here, was to single out for more stringent punishment two of the substances (phencyclidine and cocaine) that are included within the broader prohibition of subsection (*a*) (Class B substances generally). Because this indictment charged the defendant with possession with intent to distribute, not just a Class B controlled substance, but rather cocaine specifically, it put the defendant on notice that he was exposed to the more stringent penalties of subsection (*c*).

---

[3]For purposes of this decision we shall accept the defendant's contention that the body of the indictment is controlling (see *Commonwealth* v. *McClaine*, 367 Mass. 559 [1975] and treat as irrelevant the inscription on the indictment's back indicating that the within charge was laid under G. L. c. 94C, § 32A(*c*).

[4]The indictment charges that the defendant "did knowingly or intentionally manufacture, distribute, dispense or possess with intent to manufacture, distribute or dispense *a controlled substance defined in clause (4) of paragraph (a) of Class B of section thirty-one*, to wit: Cocaine" (emphasis supplied).

A limited analogy may be drawn to the familiar law of lesser included offenses.[5] One who is charged with armed robbery while masked knows that he can receive the mandatory minimum term of imprisonment (five years for the first offense, ten for repetitions) specified in the second clause of G. L. c. 265, § 17. Conduct that violates that clause also violates the first clause of § 17 (unmasked armed robbery), as well as G. L. c. 265, § 19(*b*) (unarmed robbery, see *Commonwealth* v. *Saia*, 18 Mass. App. Ct. 762, 764 [1984]), and the prosecutor, acting in his discretion, might frame the charge as such, thus exposing the defendant to less severe penalties. Mention of the dangerous weapon and the mask, however, gives the defendant notice that he is charged with the greater crime, whether § 17, second clause, is mentioned or not. Here, similarly, the grand jury, having before it evidence of the defendant's possession of cocaine with intent to distribute, might have framed the indictment as possession of a Class B substance with intent to distribute, thus exposing the defendant only to the lesser penalty of § 32A(*a*); but because the indictment identified the Class B substance as cocaine, it was a charge under § 32A(*c*). It is not necessary that the indictment state the particular subsection under which it is framed, so long as it charges conduct that constitutes a violation of that subsection. *Commonwealth* v. *Jiminez*, 22 Mass. App. Ct. 286, 295-296 (1986). *Commonwealth* v. *Bradley*, 35 Mass. App. Ct. 525, 527 & 528 n.5 (1993).

In *Cedeno* v. *Commonwealth*, the complaint charged the defendant with trafficking in cocaine. The District Court had jurisdiction neither of that charge nor the lesser included charge of possession of cocaine with intent to distribute. 404 Mass. at 194 n.5. To enable the District Court to dispose of the complaint with finality, the prosecutor in effect exercised

---

[5]We refer to the analogy as "limited" having in mind, hypothetically, a charge of cocaine distribution where the proof is that the defendant distributed a Class B substance other than cocaine. Were the analogy perfect, the defendant in such a case could be convicted under subsection (*a*), but we prefer to avoid deciding such a case until it is necessary to do so.

his discretion to proceed only on so much of the complaint as charged possession of a Class B substance with intent to distribute — the offense set out in § 32A(*a*) — an offense over which the District Court did have jurisdiction. 404 Mass. at 192-193 n.4. If the case had been bound over for trial in the Superior Court, Cedeno could have been found guilty of so much of the complaint as charged possession of cocaine with intent to distribute and sentenced under § 32A(*c*). Cedeno's conviction under subsection (*a*) was predicated, not on the fact that the complaint did not refer to that subsection, but on the fact that the prosecutor elected to try the case in the District Court, foreclosing sentencing under subsection (*c*). No such election having been made in the present case, the defendant's conviction on an indictment charging possession of cocaine with intent to distribute was correctly treated as one under subsection (*c*). On proof that this conviction was the defendant's second under § 32A, the defendant was properly sentenced under subsection (*d*).[6]

The defendant's other arguments concerning alleged constitutional infirmity in the framework of § 32A have been dealt with in *Commonwealth v. Cedeno, supra.* His argument concerning the sufficiency of the evidence is without merit. The jury could properly infer from the testimony of surveilling detectives that the defendant in at least two instances had received cash from buyers and spoken to Gonsalves, who went into the alleyway to get crack cocaine from a tin box and delivered it to the buyers. A police expert testified to his familiarity with such two-person, street-level distribution arrangements. The inference that the defendant was an accomplice is reasonable despite the facts that he

---

[6]Justice Dreben's concurring opinion draws a distinction — significant for purposes of jurisdiction and punishment — between an indictment that charges possession "with intent to . . . distribute . . . a controlled substance defined in clause (4) of paragraph (*a*) of Class B of section thirty-one: to wit, Cocaine"; and one that charges, simply, "possession of cocaine with intent to distribute," despite the fact that the two phraseologies mean the same thing in common English. Nothing in the *Cedeno* decision requires such a formalistic distinction, and the majority do not see that it makes any sense for us to draw it.

himself never handled the crack cocaine and that some other buyers were seen to go directly to Gonsalves.

*Judgment affirmed.*

DREBEN, J. (concurring). I would uphold the conviction on the narrow ground that the indictment, as recognized by the majority, follows the exact wording of G. L. c. 94C, § 32A(*c*). See note 4 and accompanying text, *supra*. It charges that the defendant "did knowingly or intentionally manufacture, distribute, dispense or possess with intent to manufacture, distribute or dispense a controlled substance defined in clause (4) of paragraph (*a*) of Class B of section thirty-one, to wit: Cocaine." Since the indictment stated the violation in the language of subsection 32A(*c*), the defendant was given notice under which subsection of the statute the indictment was framed. That the indictment did not specifically refer to the subsection by name did not create any doubt as to which subsection was violated. See *Commonwealth* v. *Jiminez*, 22 Mass. 286, 295-296 (1986). Cf. *Commonwealth* v. *Bradley*, 35 Mass. App. Ct. 525, 527 & 528 n.5 (1993).

The reason I concur specially is that the much broader analysis of the majority opinion, in my view, is not consistent with the interpretation given to the two subsections of G. L. c. 94C, § 32A, in *Cedeno* v. *Commonwealth*, 404 Mass. 190 (1989). The majority of the panel upholds the defendant's conviction under § 32A(*c*) "because the indictment identified the Class B Substance as cocaine." In the majority's view, the mere listing of the drug as cocaine (or another drug defined in clause [4] of par. [*a*] of class B) is sufficient to indicate that the indictment is under § 32A(*c*).

In *Cedeno* v. *Commonwealth*, the Supreme Judicial Court explicitly stated with reference to §§ 32A(*a*) and 32A(*c*): "The Legislature has enacted two statutory provisions making the possession of cocaine with intent to distribute it unlawful. The two provisions set forth somewhat inconsistent

potential penalties for conviction of that crime." 404 Mass. at 190.

The foregoing quotation was not an off-hand comment, but was central to the opinion. The challenge by the defendant in *Cedeno* was that the statute was void for vagueness because two provisions with two different penalties proscribed the same conduct. As a result, he claimed he could not be convicted under either section. In rejecting that argument, as applied to the defendant who was convicted under § 32A(*a*), the court reiterated the applicability of both subsections saying, "Section 32A(*c*) proscribes certain conduct which also falls within the conduct proscribed by § 32A(*a*) . . . . No one can be confused about what the Legislature intended. If a person possesses cocaine with the intent to distribute it, that conduct is criminal. That point is clear. *The Legislature has said it twice in § 32A.*" (Emphasis supplied.) *Id.* at 196. See also *id.* at 191 n.1.

In view of the interpretation by the Supreme Judicial Court that both subsections proscribe possession of cocaine with the intent to distribute, I think it behooves a prosecutor who wishes to charge a defendant under § 32A(*c*) to give the defendant notice that the proceeding is under that subsection by either referring to the subsection in the indictment or, as in this case, by charging the defendant in substantially the language of the subsection. "The principle that no one may be required at his peril to speculate as to the meaning of a criminal statute applies to sentencing as well as to substantive provisions." *Commonwealth* v. *John G. Grant & Sons,* 403 Mass. 151, 155 (1988). *Commonwealth* v. *Cedeno,* 404 Mass. at 193. See *United States* v. *Batchelder,* 442 U.S. 114, 123 (1979). I cannot accept the majority's conclusion that "[b]ecause this indictment charged the defendant with possession with intent to distribute, not just a Class B controlled substance, but rather cocaine specifically, it put the defendant on notice that he was exposed to the more stringent penalties of subsection (*c*)."

Accordingly, I would affirm the defendant's conviction on the more narrow basis.