COMMONWEALTH vs. DIANA ORTIZ.

No. 94-P-1408.

Plymouth. May 11, 1995. - August 9, 1995.

Present: ARMSTRONG, JACOBS, & PORADA, JJ.

*Practice, Criminal*, Instructions to jury, Sentence. *Evidence*, Prior incon-
sistent statement, Police report, Credibility of witness. *Controlled
Substances.*

At the trial of indictments, the judge's remarks to the jury, which strongly
implied that omissions from a police report (prepared by the sole prose-
cution witness) had no evidentiary value and could not be considered,
constituted reversible error. [72-73]
The caption and specific language of an indictment were sufficient to put
the defendant on notice that she was charged with unlawful distribution
of cocaine under G. L. c. 94C, § 32A (*c*), rather than § 32A (*a*). [73-
74]

INDICTMENT found and returned in the Superior Court De-
partment on January 12, 1993.

The case was tried before *John A. Tierney*, J.

*Bruce Ferg* for the defendant.

*Frank M. Gaziano*, Assistant District Attorney, for the
Commonwealth.

PORADA, J. The jury returned a guilty verdict against the
defendant on an indictment charging that she "did know-
ingly or intentionally manufacture, distribute, or dispense a
controlled substance in CLASS B, to wit: COCAINE." On
appeal, she claims the trial judge erred in failing to give a
requested instruction on the use of prior inconsistent state-
ments for assessing the credibility of a witness, in giving an
instruction to the jury that they were not to consider the
quality of the arresting officer's police report in determining
their verdict, and in ruling that the mandatory minimum
sentence under G. L. c. 94C, § 32A(*c*), applied to the indict-

ment. We reverse because of the judge's instruction to the jury regarding the police report.

1. *Failure to give an instruction on the use of prior inconsistent statements for impeachment purposes.* The failure to give a requested instruction on the use of prior inconsistent statements in assessing the credibility of a witness is error if there is evidence that a witness made prior inconsistent statements. *Commonwealth* v. *Martin*, 19 Mass. App. Ct. 117, 119-120 (1984). The judge denied the request, ostensibly because he believed there was no evidentiary basis for such an instruction.

The principal witness for the Commonwealth at trial was an undercover police officer, who testified at trial as follows. He stated that he was investigating a cocaine delivery service in Brockton. On the day of the defendant's arrest, he ordered a "one-sixteenth" of cocaine from this service. He was instructed to go to a parking lot of a supermarket for the delivery. A red Toyota automobile was driven into the parking lot by a man identified as Rafael Beltre, from whom the officer had made two prior purchases of cocaine. On this occasion, Beltre was accompanied by the defendant, who was seated in the passenger seat. Both Beltre and the defendant motioned for the officer to follow their car. When Beltre stopped his vehicle on a secluded street, the officer approached the driver's side of the vehicle. Both the defendant and Beltre asked him what he wanted, to which the officer replied "one-sixteenth." The officer then gave Beltre eighty dollars and the defendant handed the officer the cocaine and told him that in the future all purchases were to be made on River Street.

On cross-examination, defense counsel elicited from the officer that he had filed a police report covering this incident and that he did not include in his report that the defendant motioned to the officer to follow Beltre's car, that the defendant asked him what he wanted, and that the defendant told the officer that in the future the deliveries were to be made on River Street. The police report was not introduced in evidence.

A prior inconsistent statement is one that "either by what it says or by what it omits to say, affords some indication that the fact was different from the testimony of the witness whom it is sought to contradict." *Commonwealth* v. *West*, 312 Mass. 438, 440 (1942). An omission from the earlier statement is inconsistent with a later statement of fact when it would have been natural to include the fact in the initial statement. *Foster* v. *Worthing*, 146 Mass. 607, 608 (1888).

Since the police report was not made part of the record, we do not know the level of detail the officer used to report this one sale. Nonetheless, we conclude that it would be natural for a police officer to include in his report important details such as the defendant asked him what he wanted and told him that in the future the deliveries were to be made on River Street. Accordingly, the judge should have given an instruction of the use of prior inconsistent statements in assessing the credibility of the witnesses. Because we reverse on the judge's instruction regarding the police report, we need not engage in an analysis whether the error was prejudicial or harmless. At any retrial, an instruction on prior inconsistent statements should be given.

2. *Judge's instruction on the quality of the police report.* The defendant argues that the following instruction had the effect of impermissibly vouching for the credibility of the police officer and discrediting the defendant's challenge to the officer's credibility. The judge charged the jury as follows:

> "[T]his is not a case on whether or not good police reports are being made. Officer McClaren is not being tried for what he puts or doesn't put in his police report. It's the evidence that you hear in this court that's important."

The defendant objected to this instruction at the close of the charge, but the judge declined to take any corrective action.

While judges are given wide latitude in phrasing their instructions to a jury, there are certain limitations placed upon this discretion. *Commonwealth* v. *Cote*, 5 Mass. App. Ct. 365, 369 (1977). It is improper for a judge to comment on

the credibility of a witness or suggest to the jury what infer- ences they should draw from the evidence. *Ibid.* By in- structing the jury as he did, the judge strongly implied that the omissions from the police report had no evidentiary value and could not be considered. This was error. *Commonwealth v. Bowden*, 379 Mass. 472, 485-486 (1980). *Commonwealth v. Murchison*, 418 Mass. 58, 64 (1994). Because the judge's remarks may well have led the jury to conclude that they should ignore the defendant's argument that the police of- ficer, who had provided the only testimony against the de- fendant, was not credible, we do not consider the error harm- less and award the defendant a new trial. *Commonwealth* v. *Murchison*, 418 Mass. at 64.

3. *Mandatory minimum sentence.* Distribution of cocaine is outlawed by both subsections (*a*) and (*c*) of G. L. c. 94C, § 32A. Prior to sentencing the defendant asked for a ruling of law that subsection (*a*) rather than (*c*) applied to her in- dictment because the body of her indictment did not specify which subsection of § 32A she was being charged under. The judge declined to make this ruling and sentenced the defend- ant to two years in a house of correction with one year suspended.

The caption of the indictment indicated that the defendant was charged with unlawful distribution of cocaine under G. L. c. 94C, § 32A(*c*), but, because the body of the indict- ment charged the defendant with unlawful distribution of a controlled substance in "Class B, to wit: Cocaine" and did not track the specific language of subsection (*c*),[1] the defend- ant contends that she is entitled to the benefit of the more lenient sentencing provisions provided by subsection (*a*).

---

[1] General Laws c. 94C, § 32A(*c*), as amended through St. 1991, c. 391, reads in pertinent part as follows: "Any person who knowingly or inten- tionally manufactures, distributes, dispenses or possesses with intent to manufacture, distribute or dispense phencyclidine or a controlled substance defined in clause (4) of paragraph (*a*) or in clause (2) of paragraph (*c*) of class B of section thirty-one shall be punished by a term of imprisonment in the state prison for not less than two and one-half nor more than ten years or by imprisonment in a jail or house of correction for not less than one nor more than two and one-half years."

There was no error. Both the caption of the indictment and the specific language of the indictment were sufficient to put the defendant on notice that she was exposed to the more stringent penalties of subsection (*c*). *Commonwealth* v. *Zwickert*, 37 Mass. App. Ct. 364 (1994).

*Judgment reversed.*
*Verdict set aside.*