A jury convicted the defendant of operating a motor vehicle under the influence of intoxicating liquor (OUI-alcohol), and, after a subsequent bench trial, the judge found the defendant guilty of the second offense portion of the complaint. On appeal the defendant argues that the judge erred by improperly limiting his cross-examination of the Commonwealth's witness. We affirm.
Background. The sole witness at trial was State trooper Kyle Flanagan. In June of 2014, Flanagan responded to an accident on Route 495, where he saw a vehicle in the breakdown lane. The vehicle had front end damage and appeared to be disabled. Flanagan determined that the vehicle had "jump[ed] the curb and then collid[ed] with [a] highway sign."
The defendant was the only person in the vehicle and was seated in the driver's seat. Flanagan observed "a strong smell of an alcoholic beverage emanating off [the defendant's] person and out the vehicle." When Flanagan approached, the defendant was "nodded off" and not responding to questions, but then woke up "in a violent type behavior," "beat[ing] his chest," "scratching himself," and "talking in incomprehensible language" before nodding off again. He "continue[d] this cycle of behavior" at the accident scene and at the hospital where he was transported.
In October of 2014, a complaint issued against the defendant charging him with operating a motor vehicle under the influence of drugs (OUI-drugs).[2] In September of 2015, this complaint was dismissed, and a new complaint issued charging the defendant with OUI-alcohol, second offense. The case proceeded to trial on this charge in March of 2016.
During cross-examination, defense counsel elicited testimony from Flanagan that he was dispatched to the scene of the accident in June of 2014. Defense counsel then started to ask about what occurred "in approximately September of 2015," but the prosecutor objected. At an ensuing sidebar conference, the prosecutor asserted that defense counsel was seeking to elicit testimony that the district attorney's office had asked Flanagan at that time to file a different charge. When asked by the judge why the testimony was relevant, defense counsel responded:
"It's relevant because the charge ... goes from OUI drugs to OUI alcohol after being in the medical records .... [A]t the urging of the district attorney's office, Trooper Flanagan was asked to amend his complaint.... But there's nothing in his police report that says anything about alcohol. It's still OUI drugs."
The judge then sustained the objection, stating:
"I don't think the procedural posture of the changing complaint [is relevant] and I noted that [the prosecutor] didn't object during or after your opening statement when you made this an issue before the jury. And I frankly would have sustained the objection because I don't think there's any relevance to this jury in determining whether or not he's guilty of OUI alcohol, that there has been a previous charge that was different and was changed in light of an investigation by the district attorney's office into the evidence.
"So I'm going to sustain [the] objection and preclude you from ... making any inquiry as to when a prior complaint was taken out or dismissed or new charges were filed because ... I don't see how that issue is relevant or shows any bias or prejudice towards your client by the trooper or by the [district attorney's] office.... I certainly think you can cross-examine the trooper on the absence of any mention of alcohol in the police report. I don't know if you're getting there or not or what the evidence is at this point, but I don't think the charging issue is relevant and should be part of the evidence in this case."
Discussion. Both the Federal and State constitutions "guarantee a criminal defendant's right to confront the witnesses against him through cross-examination." Commonwealth v. Miles, 420 Mass. 67, 71 (1995). The right is "not absolute," however, and "the scope of cross-examination rests largely in the sound discretion of the trial judge." Ibid. In determining whether a limitation on cross-examination was permissible, "we weigh the materiality of the witness's direct testimony and the degree of the restriction on cross-examination." Id. at 72. We will not overturn the judge's determination unless the defendant can "demonstrate[ ] that the judge abused [her] discretion and that the defendant was prejudiced thereby." Ibid. See Commonwealth v. Mercado, 456 Mass. 198, 203 (2010).
The judge here did not abuse her discretion by precluding the defendant from questioning Flanagan about the "procedural posture of the changing complaint." That the charge was changed from OUI-drugs to OUI-alcohol following an investigation by the district attorney's office was not relevant to establish any fact at trial. That is, the prosecutor's charging decision, which could have been influenced by a variety of factors, did not make it more or less probable that the defendant drove his vehicle while under the influence of alcohol.[3] Cf. Commonwealth v. DaSilva, 471 Mass. 71, 81 (2015) (testimony about "course of investigations generally," including "decision to arrest and charge someone with a crime," was "irrelevant" and "had no evidentiary value"); Commonwealth v. Johnson, 43 Mass. App. Ct. 509, 514 (1997) (delay in return of indictment "was of no significance or consequence" and should not have been put before jury). See Cedeno v. Commonwealth, 404 Mass. 190, 196-197 (1989) ("Prosecutors have wide ranges of discretion in deciding whether to bring criminal charges and in deciding what specific charges to bring").
The defendant does not, in fact, argue to the contrary on appeal. Instead, he claims that what trial counsel sought to ask Flanagan "was neither specific to the procedural posture nor to the charge itself." As a result, he says, the effect of the judge's ruling was to more broadly limit counsel from cross-examining Flanagan "about the facts and circumstances supporting the charge, and the ultimate conclusions drawn, both on the date [of] offense and at trial."
The record does not support the defendant's characterization, however. As is evident from the sidebar discussion, the judge only precluded defense counsel from asking Flanagan about the circumstances that led to the filing of a different charge in September of 2015. The judge in no way barred inquiry into the facts supporting the charge; to the contrary, she expressly allowed counsel to "cross-examine [Flanagan] on the absence of any mention of alcohol in the police report."[4] Nor did the judge prohibit defense counsel from cross-examining Flanagan about the conclusions he drew on the date of offense, as compared to at trial. The prosecutor raised that issue on direct examination,[5] and there is nothing to indicate that the judge precluded cross-examination on the same issue. Thus, as the judge did not limit inquiry into these areas, we discern no abuse of discretion. See Commonwealth v. Crouse, 447 Mass. 558, 574 (2006) (judge acted within discretion in limiting cross-examination, where his "ruling was based firmly on the purpose for which the witness was called" and did not preclude other inquiries).
Judgment affirmed.

The complaint was later amended to reflect a second offense.

We note that, in order to convict a defendant of OUI-alcohol, the jury need only find that the alcohol "contributed to the defendant's impairment." Commonwealth v. Stathopoulos, 401 Mass. 453, 457 (1988), quoting from State v. West, 416 A.2d 5, 9 (Me. 1980).

Defense counsel took advantage of that opportunity when cross-examination resumed, asking Flanagan, "And in your police report, the only mention of alcohol is the fact that you smelled alcohol on [the defendant's] breath?" And earlier, counsel secured an admission from Flanagan that "constricted" pupils, which he observed on the defendant, is "an indicator of the possibility of narcotic usage" but not alcohol usage.

Specifically, the prosecutor asked Flanagan, "[I]t's also fair to say that initially you charged the [d]efendant with operating under the influence of drugs, correct?" After Flanagan replied affirmatively, the prosecutor asked, "But you're able to tell this jury that based on all your observations you believed that, in part, he was at least also intoxicated by liquor, correct?" Flanagan again replied affirmatively.