NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-987

COMMONWEALTH

vs.

JOHN AGOPOVICH.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from his convictions of operating a motor vehicle while under the influence of intoxicating liquor (OUI), second offense, G. L. c. 90, § 24 (1) (a) (1),[1] and negligent operation of a motor vehicle, G. L. c. 90, § 24 (2) (a).  He argues that the judge erred by denying his request for a prior inconsistent statement instruction in assessing the credibility of the Commonwealth's sole trial witness, the arresting officer.  We affirm.

Discussion.  At trial, the defendant's counsel pursued a theory that the officer had not documented contemporaneous facts

_____

[1] After the jury found the defendant guilty of OUI, the defendant pleaded guilty to the subsequent offense portion of the charge.

very well in his police report and did not independently remember the events described in his testimony, because three years had intervened between the night of the defendant's arrest and the date of trial. Citing a perceived incongruity between the police report's contents and the officer's testimony, the defendant asked the trial judge to instruct the jury on inconsistent statements. The judge denied the request because, in the judge's view, the trial evidence did not establish any inconsistencies between what the officer documented in his report and what he testified to at trial.

As both parties agree, "[t]he failure to give a requested instruction on the use of prior inconsistent statements in assessing the credibility of a witness is error if there is evidence that a witness made prior inconsistent statements." Commonwealth v. Ortiz, 39 Mass. App. Ct. 70, 71 (1995), citing Commonwealth v. Martin, 19 Mass. App. Ct. 117, 119-120 (1984). The obligation to instruct only attaches when a statement "either by what it says or by what it omits to say, affords some indication that the fact was different from the testimony of the witness whom it is sought to contradict." Ortiz, supra at 72, quoting Commonwealth v. West, 312 Mass. 438, 440 (1942). "An omission from the earlier statement is inconsistent with a later statement of fact when it would have been natural to include the fact in the initial statement." Ortiz, supra, citing Foster v.

2

Worthing, 146 Mass. 607, 608 (1888).  On appeal, the defendant

contends that the officer's testimony was inconsistent with

prior statements in his police report in two respects.[2]

First, he contends that the officer testified about the

defendant's driving performance in a manner that was

inconsistent with how he characterized it in his police report.

Specifically, the police report stated that the defendant drove

"dangerously close" to the car ahead of him.  During trial, the

officer testified that the defendant drove "dangerously close"

to the car in front of him but added:  "I'd say less than a half

a car length behind it."  On cross-examination, the officer

acknowledged that the estimation of the distance between the two

cars was not included in his report and that it would have been

an important fact to include.  On this basis, the defendant

---

[2] The Commonwealth points out that the defendant alleged some different inconsistencies before the trial judge than those presented here, and argues that we should therefore review any newly-raised inconsistencies for a substantial risk of a miscarriage of justice, rather than for prejudicial error.  See Commonwealth v. Santos, 95 Mass. App. Ct. 791, 795 n.6 (2019), quoting Commonwealth v. Flynn, 362 Mass. 455, 472 (1972) ("It is a long-standing rule of practice that the defendant 'is not permitted to raise an issue before the trial court on a specific ground, and then to present that issue to [the appellate] court on a different ground'").  The defendant counters that his objection is preserved by virtue of his more general motion in limine.  In light of our determination that there was no inconsistency, and thus no error, we need not resolve this issue.

argues that the omission of this detail makes the police report inconsistent with the officer's trial testimony.

Notwithstanding the officer's agreeable concession, the estimation of distance was not a significant additional detail, making its absence in the police report suspicious. Contrast Ortiz, 39 Mass App. Ct. at 72 (officer's failure to include in police report important details of drug transaction tended to undermine credibility of trial testimony). Rather, the estimation of "less than a half car length behind" was a more precise description than the general characterization of "dangerously close." The officer's descriptions of the defendant's driving performance in the police report and in the trial testimony were consistent with one another.

Second, the defendant argues that the officer's report and testimony diverged in their description of the defendant's performance on field sobriety tests. Specifically, the defendant contends that the officer testified at trial that the defendant's "hands were not by his waist and that he did not walk a straight line during the nine-step walk and turn test" but that the officer omitted these details in his report. We note that, as to the hands by waist detail, the officer gave no such testimony. Rather, defense counsel raised the issue during cross-examination, asking whether a person performing the test should keep arms within a few inches of the waist. The officer

4

agreed that arms should be kept down by the side and a failure to do so would be a cue that he would have noted in his police report. He acknowledged that he did not note it in his report because the defendant "didn't display that cue," indicating that the defendant's arms were down by his side. Likewise, the officer made no mention of the defendant failing to walk a straight line until cross-examination when defense counsel asked whether the defendant walked a straight line. The officer responded that he did not. When defense counsel attempted to impeach him with his report, the officer pointed out that he had written that the defendant "stepped off the line," which necessarily implies that he did not walk a straight line. There was no inconsistency between the officer's police report and his testimony concerning the defendant's performance of field sobriety tests.

In sum, the officer testified consistently with his police report; that he used mildly different phrasing and elaborated when questioned does not suggest that "the fact was different from the testimony" (citation omitted). Ortiz, 39 Mass. App. at 72. Contrary to the defendant's argument, an instruction on prior inconsistent statements was not required simply because the police officer's testimony "did not match the police report." The question is whether the prior statements were inconsistent with the trial testimony. The judge properly

5

declined to give the defendant's requested instruction because he failed to establish any inconsistency.

<u>Judgments affirmed</u>.

By the Court (Desmond, Shin & Singh, JJ.[3]),

Assistant Clerk

Entered: June 14, 2024.

---

[3] The panelists are listed in order of seniority.