CITY OF CAMBRIDGE *vs.* ALLYSON B. PHILLIPS.

Middlesex. January 7, 1993. - May 4, 1993.

Present: LIACOS. C.J., WILKINS, ABRAMS, NOLAN. & GREANEY. JJ.

*Due Process of Law*, Vagueness of statute. *Motor Vehicle*, Citation for violation of motor vehicle law. *Practice, Civil*, Traffic violation.

General Laws c. 90C, § 3(A), providing that "a police officer [who] records the occurrence of an automobile law violation [for which the maximum penalty does not exceed one hundred dollars for the first offense] . . . may direct that a written warning be issued or may cite the violator for a civil motor vehicle infraction," was not unconstitutionally vague with respect to the options given a police officer either to give a warning or to cite a violator for an infraction. [127-130]

TRAFFIC CITATION issued on May 25, 1990.

The case was heard in the Cambridge Division of the District Court Department by *Herbert H. Hershfang*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Robert W. Hagopian* for the defendant.

*Neil S. Tassel*, Assistant Attorney General, for the plaintiff.

WILKINS, J. "If a police officer records the occurrence of an automobile law violation [for which, with exceptions not relevant to this case, the maximum penalty does not exceed one hundred dollars for the first offense] . . . , the police officer may direct that a written warning be issued or may cite the violator for a civil motor vehicle infraction." G. L. c. 90C, § 3 (A), as amended through St. 1986, c. 712, §§ 1, 2. In such circumstances, a police officer elected to cite the defendant for a civil motor vehicle infraction rather than to direct that a written warning be issued to her. The defendant challenges the absence of any standards to guide a police of-

ficer in deciding which of the two statutory options to pursue. Her principal argument is that the statute is unconstitutionally vague in violation of her right to due process of law and hence is void.

On May 25, 1990, a Cambridge police officer gave a traffic citation to the defendant for making an illegal left turn at an intersection appropriately marked. G. L. c. 89, § 9, as amended through St. 1987, c. 90. The defendant seasonably requested a hearing before a clerk-magistrate on the violation charged. G. L. c. 90C, § 3 (A). On September 26, 1990, a magistrate found the defendant responsible and assessed a fine of twenty dollars. As was her right (*id.*), the defendant claimed an appeal to a judge sitting in the District Court. A hearing was held on April 1, 1991, at which the judge also found the defendant responsible and imposed the same fine. The Appellate Division of the District Court affirmed the finding that the defendant was responsible. On our own motion, we transferred here the defendant's further appeal. We affirm the order of the Appellate Division.

One aspect of the doctrine that a statute may be void for vagueness is not applicable in this case. The concept that a person should be able to know what conduct is criminal and what the consequences of a violation of a statute may be (see *United States* v. *Batchelder*, 442 U.S. 114, 123 [1979]; *Commonwealth* v. *John G. Grant & Sons Co.*, 403 Mass. 151, 153 [1988]), has no role in this case. The nature of the violation is defined with sufficient clarity, and the possible consequences of a violation are in no way obscure. The defendant relies on a second principle underlying the void for vagueness concept, namely, that "[a] vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis." *Grayned* v. *Rockford*, 408 U.S. 104, 108-109 (1972). See *Commonwealth* v. *John G. Grant & Sons Co.*, *supra*. In the case before us, the statute and the traffic control regulation guide the police adequately as to what conduct amounts to a violation. The only question is whether, once the occurrence of a violation is recorded, it is an unconstitutional delegation

of a basic policy matter to give the unguided option to the police officer either to give a warning or to cite the violator for an infraction.[1]

The violation that the defendant committed is a civil motor vehicle infraction. See St. 1988, c. 202, § 28, amending the first sentence of St. 1986, c. 35, § 10. The proceeding is not criminal. *Reading* v. *Murray*, 405 Mass. 415, 418 (1989). Any payment is a civil assessment, not a criminal penalty or fine. St. 1986, c. 35, § 10. The maximum possible assessment for the violation committed by the defendant is twenty dollars.[2] G. L. c. 85, § 2, as amended through St. 1988, c. 58. On the other hand, payment of such an assessment operates "as a conviction for purposes of registry of motor vehicles action pursuant to chapter ninety and for purposes of the safe driver insurance plan established pursuant to [G. L. c. 175, § 113B]." G. L. c. 90C, § 4, as amended through St. 1985, c. 794, § 3. The record is silent, however, on what, if any, effect the assessment imposed in this case will have, or as a practical matter might have, on the defendant's license to operate a motor vehicle or on any motor vehicle insurance charges that might be imposed. Under G. L. c. 90C, § 2, as amended through St. 1986, c. 620, §§ 18, 19, a driver who receives three written warnings within one year may have his or her license suspended.

We decline to resolve the debate between the parties as to whether this nominally civil proceeding should be treated as a criminal or quasi criminal one for the purposes of deciding this case. The vagueness test is more difficult to pass when

[1]The defendant briefly makes a nonconstitutionally based, but somewhat similar, argument that the delegation of legislative authority is unrestrained, citing *Commonwealth* v. *Protami*, 354 Mass. 210 (1968), which involved a municipal by-law. The delegation there was absolute, granting to the selectmen unguided discretion to exempt a landowner from the application of the by-law's prohibitions. No such total delegation is involved here.

[2]In this case the defendant may properly argue the application of the law to her and may not rely on arguments that persons cited for other civil motor vehicle infractions might raise. See *Commonwealth* v. *Jasmin*, 396 Mass. 653, 655 (1986).

the matter is criminal or quasi-criminal. See *Hoffman Estates* v. *Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498-499 (1982). In our view, the test is passed even if we treat the process as criminal.

The defendant makes no claim that, in the exercise of the option either to warn or to cite her, the police officer unfairly discriminated against her or acted arbitrarily. Cases in which it was claimed, on equal protection of the laws grounds, that the police or others discriminated unfairly in the enforcement of a law or acted arbitrarily in its enforcement have no application here. See, e.g., *Commonwealth* v. *Franklin Fruit Co.*, 388 Mass. 228, 233 (1983); *Commonwealth* v. *Franklin*, 376 Mass. 885 (1978); *Commonwealth* v. *King*, 374 Mass. 5 (1977).[3]

We reject the argument that the statutory pattern is so uncertain as to deny the defendant due process. The option that the police have between issuing a warning and issuing a citation is not impermissibly vague. The nature of the wrong

---

[3]For Federal cases indicating that police discretion, exercised on a basis other than an impermissible classification, does not violate the equal protection clause, see *United States* v. *Huff*, 959 F.2d 731, 735 (8th Cir.), cert. denied, 113 S. Ct. 162 (1992) (to make out selective prosecution claim, defendant must show that others similarly situated were not prosecuted and that decision to prosecute was based on impermissible motive); *Owen* v. *Wainwright*, 806 F.2d 1519, 1523 (11th Cir. 1986), cert. denied sub nom. *Owen* v. *Dugger*, 481 U.S. 1071 (1987) ("conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation"); *Trenouth* v. *United States*, 764 F.2d 1305, 1309 (9th Cir. 1985) (to make out case of discriminatory prosecution, defendant must show that others not prosecuted and that basis for prosecution was impermissible).

In *Hameetman* v. *Chicago*, 776 F.2d 636, 641 (7th Cir. 1985), the court said:

> "[The defendant's] claim that the enforcement of the ordinance [requiring that firefighters reside within city limits] against him was arbitrary requires little discussion. He does not argue that he was singled out for an invidious reason, such as race or political beliefs. The Constitution does not require states to enforce their laws (or cities their ordinances) with Prussian thoroughness as the price of being allowed to enforce them at all. . . . Otherwise few speeders would have to pay traffic tickets. Selective, incomplete enforcement of the law is the norm in this country." (Citations omitted.)

is clear. The extent of any adverse consequences to the defendant is clear as to the maximum assessment that might be imposed. Police have some discretion in their administration and enforcement of the law. The defendant advances no authority to indicate that nondiscriminatory, nonarbitrary exercise of discretion by a police officer is unlawful if no standard guides the decision-making process. Prosecutors have wide ranges of discretion in deciding whether to bring charges and which specific charges to bring. See *Cedeno v. Commonwealth*, 404 Mass. 190, 196-197 (1989); *Police Comm'r of Boston v. Municipal Court of the Dorchester Dist.*, 374 Mass. 640, 659 (1978). In the administration of the law concerning civil motor vehicle infractions, the police act as prosecutors as a practical matter in presenting such infractions to clerk-magistrates and to judges. In any event, in the absence of unfair discrimination or some other improper exercise of discretion, the judgment of the "cop on the beat" is not subject to a valid constitutionally-based criticism where the range of clearly defined, available options is as narrow as it is in this case.[4] This case does not involve the delegation of a basic policy matter to the police for resolution.

---

[4]The United States Courts of Appeal that have considered the question have unanimously concluded that there is no due process violation where the police elect in their unfettered discretion to refer a case to a Federal prosecutor (where the potential penalties are higher than in the State system) rather than to a State prosecutor. See *United States v. Beede*, 974 F.2d 948, 952-953 (8th Cir. 1992), cert. denied, 113 S. Ct. 1016 (1993); *United States v. Robinson*, 967 F.2d 287, 289-290 (9th Cir. 1992); *United States v. Allen*, 954 F.2d 1160, 1165-1166 (6th Cir. 1992); *United States v. Carter*, 953 F.2d 1449, 1461-1462 (5th Cir.), cert. denied sub nom. *Hammack v. United States*, 112 S. Ct. 2980 (1992); *United States v. Andersen*, 940 F.2d 593, 595-597 (10th Cir. 1991). The reasoning of these cases is that there is no due process denial because the unguided judgment of the police is subject to review by the Federal prosecutor (see *United States v. Beede, supra*; *United States v. Robinson, supra* at 290; *United States v. Allen, supra*; *United States v. Carter, supra* at 1462; *United States v. Andersen, supra* at 597), even though a prosecutor's exercise of judgment is itself subject to little or no due process of law standards or review and, as a practical matter, the police's judgment as to where to send cases is not subject to prosecutorial scrutiny.

We affirm the order of the Appellate Division affirming the finding that the defendant was responsible and dismissing the appeal.

*So ordered.*