Hershfang, J.
On June 9, 2000, Mr. Hooman Ehsani (“Plaintiff) was issued a motor vehicle citation by an officer of the Boston Police Department (“Defen-danf). The citation alleged a seat belt violation and a lane violation, and Plaintiff was assessed a fine of $125. Pursuant to G.L.c. 90C, §3(A) (4), Plaintiff requested a noncriminal hearing with respect to the issuance of the citation. After a hearing before the Clerk-Magistrate of the Boston Municipal Court Department on September 21,2000, Plaintiff was found responsible and ordered to pay $125.
Plaintiff appealed the finding of responsible to a judge of the Boston Municipal Court pursuant to G.L.c. 90C, §3 (A) (4.)[1] After a de novo hearing, the judge found Plaintiff responsible and ordered him to pay the $125 fine.
Plaintiff appealed pursuant to G.Lc. 90C, §3(A) (5).[2] Plaintiff characterized the issue of law upon which he sought review as an abuse of discretion by the trial judge “by not permitting right to cross-examine the officer. Appellant was denied his right to a fair trial” That claim of a denial of the ability to crossexamine the officer was not contested.
Under section (b) (1) of Trial Court Rule VII, the Uniform Rule on Civil Motor Vehicle Infractions, “[questioning and cross-examination of witnesses shall proceed to the extent and in the manner determined appropriate by the judge or clerk-magistrate, provided, however, that a party shall not be denied the opportunity to present relevant evidence or cross-examine witnesses” (emphasis added).
Under section (d) (3) of Trial Court Rule VII, the appellant in a civil motor vehicle case is required to obtain a cassette copy of the tape recording of the proceedings and provide it to the appellate division. See Monteiro v. Boston Police Dep’t, 1998 Mass. App. Div. 251 (1998); Webneh v. Boston Police Dep’t, 1998 Mass. App. Div. 252 (1998). Plaintiff did not do that here. However, unlike Monteiro and Web-neh, which concern questions of fact, Plaintiffs claim here is clearly grounded in law — did the rules entitle him to some cross-examination? The answer is yes. And the fact of the denial of that right is uncontested. However, since the mere existence of the right to cross-examination may not have affected the outcome of the case, we remand it for a new hearing.

 Under section (b) (3) of Trial Court Rule VII, the Uniform Rule on Civil Motor Vehicle Infractions, a “[cjlaim of appeal to a judge from a clerk-magistrate’s finding and disposition shall be made upon the clerk-magistrate’s announcement of the finding and disposition, and shall be noted on the citation. There shall be no filing fee for such appeal.”

 Under section (d) (1) of Trial Court Rule VII, “[cjlaim of appeal to the appropriate Appellate Division shall be filed with the clerk-magistrate of the court in which the civil motor vehicle infraction was heard.”