## POLICE DEPARTMENT OF SALEM vs. RALPH C. SULLIVAN.

Essex. March 10, 2011. - September 21, 2011.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, & GANTS, JJ.

*Motor Vehicle,* Citation for violation of motor vehicle law. *Practice, Civil,* Traffic violation. *Constitutional Law,* Access to court proceedings, Equal protection of laws, Ex post facto law. *Statute,* Validity.

Discussion of the statutory background governing hearings requested by individuals contesting responsibility for a civil motor vehicle infraction, and of the filing fees required for such hearings. [639-640]

This court concluded that the filing fees to contest civil motor vehicle citations, as enacted in St. 2009, c. 27, §§ 73-74, do not violate either Federal or State equal protection guarantees, where there is a rational basis for requiring those cited for a noncriminal motor vehicle infraction alone to pay a filing fee and not requiring a filing fee for those contesting other types of civil violations, given that, as the Legislature provides to those who challenge such citations greater process that imposes greater demands on the resources of the District Court, it is rational for the Legislature to impose filing fees, waivable where a litigant is indigent, to offset part of the additional cost of these judicial proceedings [640-644]; further, the court concluded that the application of St. 2009, c. 27, § 73, to a hearing that was requested prior to the effective date of the statute did not violate the ex post facto clause of either the Federal or State Constitution, given that the statute is neither criminal nor punitive in nature [644-645].

CIVIL ACTION commenced in the Salem Division of the District Court Department on May 22, 2009.

The case was heard by *Richard A. Mori,* J., and a motion to refund filing fees was heard by him.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Ralph C. Sullivan,* pro se.

*William W. Porter,* Assistant Attorney General, for the Attorney General & another.

*Stanislav Gayshan, Ariele Lessing, & Christopher J. Pavlow,* pro se, amici curiae, submitted a brief.

GANTS, J. On April 30, 2009, Ralph C. Sullivan was stopped and issued a citation assessing a one hundred dollar penalty for a moving violation, failure to stay within a marked lane, in violation of G. L. c. 89, § 4A. He requested a hearing before a clerk-magistrate in the District Court to challenge the citation, and received notice that the hearing had been scheduled for September 21, 2009. Sullivan was also notified that, to have his case heard, he would be required to pay a filing fee of twenty-five dollars in cash, with payment due before the commencement of the hearing. At the hearing, the clerk-magistrate found Sullivan responsible for the violation charged. Sullivan then appealed to a District Court judge and was required to pay an additional fifty dollar filing fee to schedule the appeal hearing. The District Court judge found him not responsible for the alleged violation, and Sullivan moved for a refund of the twenty-five dollar and fifty dollar filing fees that he had paid. That motion was denied, and the denial was affirmed by the appellate division of the District Court. Sullivan then filed an appeal in the Appeals Court, and we transferred his appeal to this court on our own motion.

On appeal, Sullivan claims that the twenty-five and fifty dollar filing fees violate his constitutional right to equal protection under the law. He also argues that, because the statute providing for payment of the twenty-five dollar filing fee was enacted after he had requested a clerk-magistrate's hearing, the imposition of the filing fee was an ex post facto application of that statute. The Attorney General and the Chief Justice for Administration and Management of the Trial Court intervened in the case to defend the constitutionality of the filing fees.[1] We conclude that the filing fees do not violate Sullivan's equal protection rights and that the application of the statute requiring a twenty-five dollar filing fee did not violate the ex post facto clause, and therefore we affirm the denial of Sullivan's motion seeking the return of these filing fees.[2]

---

[1]We acknowledge the amicus brief submitted by Stanislav Gayshan, Ariele Lessing, and Christopher J. Pavlow.

[2]As we discuss *infra*, Ralph C. Sullivan has not pursued on appeal his argument that the filing fees violate due process, so we do not consider the merits of that argument.

*Statutory background.* An individual who is issued a citation for a civil motor vehicle infraction[3] (and not charged with a criminal violation arising from the same incident) must within twenty days either pay the scheduled assessment or contest responsibility for the infraction by requesting a noncriminal hearing before a clerk-magistrate of the District Court. G. L. c. 90C, § 3 (A) (2). Where the individual pays the scheduled assessment, payment operates as a final disposition of the matter. G. L. c. 90C, § 3 (A) (3). While payment may not be used as an admission of responsibility or negligence in any civil or criminal proceeding, it is an admission of responsibility for purposes of any action by the registrar of motor vehicles under G. L. c. 90, including suspension or revocation of a license, and for purposes of the safe driver insurance plan, G. L. c. 175, § 113B, which affects automobile insurance premiums. G. L. c. 90C, § 3 (A) (3). Where an individual requests a hearing to contest responsibility for the infraction, the case proceeds before a clerk-magistrate, who shall enter a finding of "responsible" only if it is proved by a preponderance of the credible evidence that the violator committed the infraction alleged. G. L. c. 90C, § 3 (A) (4).[4] The determination of the clerk-magistrate may be appealed to a judge of the District Court, who hears the case de novo. *Id.*

Before July 1, 2009, no fee was required to challenge a citation before a clerk-magistrate, and a twenty dollar fee was required to appeal from the decision of the clerk-magistrate to a justice. Under St. 2009, c. 27, §§ 73-74, which were enacted on June 29, 2009, and became effective on July 1, 2009, St. 2009. c. 27, preamble, a twenty-five dollar fee must be paid prior to commencement of the clerk-magistrate hearing, and a fifty dollar

---

[3]With certain exceptions not relevant here, a civil motor vehicle infraction is defined as "an automobile law violation for which the maximum penalty does not provide for imprisonment." G. L. c. 90C, § 1.

[4]At such a hearing, the citation is admissible and is prima facie evidence of the facts stated in the citation. G. L. c. 90C, § 3 (A) (4). All parties are entitled to compulsory process for witnesses in the same manner as in criminal cases. *Id.* On a showing of need in advance of the hearing, the clerk-magistrate may direct that the alleged violator be allowed to inspect written documents essential to the defense that are in the possession of the police agency that issued the citation. *Id.*

fee must be paid prior to scheduling an appeal hearing before a judge. G. L. c. 90C, § 3 (A) (4).[5] Indigent persons may obtain a waiver of these fees. G. L. c. 261, §§ 27A-27C.

*Discussion.* In the District Court and its appellate division, Sullivan argued that the filing fees enacted in St. 2009, c. 27, §§ 73-74, violate due process, and that the application of the twenty-five dollar clerk-magistrate fee to hearings that were requested prior to July 1, 2009, violates the ex post facto clauses of the United States and Massachusetts Constitutions. On appeal, he continued to press his ex post facto argument in his brief but did not pursue his due process argument (see note 2, *supra*), arguing instead that the filing fees constitute a denial of equal protection.[6] While we generally view an issue to be waived on appeal where it was not raised or argued below, see *Carey* v. *New England Organ Bank*, 446 Mass. 270, 285 (2006), we shall reach the merits of Sullivan's equal protection argument, as it has been fully briefed by the parties and raises a constitutional issue that is rarely litigated because of the small amount of money involved, but affects hundreds of thousands of persons challenging motor vehicle infractions each year. See note 8, *infra*. See also *Cottam* v. *CVS Pharmacy*, 436 Mass. 316, 323 (2002) (addressing waived question that was "thoroughly briefed" and of importance to pharmaceutical industry and consumers). We do not consider the merits of Sullivan's due process argument, as the Attorney General was not placed on

---

[5]After the enactment of St. 2010, c. 131, § 57, effective July 1, 2010, the twenty-five dollar filing fee for the magistrate hearing must be paid together with the request for a hearing, within twenty days of the citation. G. L. c. 90C, § 3 (A) (4).

[6]At oral argument Sullivan sought to revive the due process argument by referring to the due process argument in the amicus brief, but we ordinarily do not consider an argument made by an amicus that is not made by a party unless it is "sufficiently related" to an argument made by a party. See *Bongaards* v. *Millen*, 440 Mass. 10, 19 n.6 (2003) ("this court ordinarily restricts its discussion to the arguments made by the parties and does not address arguments of amici curiae" unless that argument is "sufficiently related" to that made by party); *Matter of the Receivership of Harvard Pilgrim Health Care, Inc.*, 434 Mass. 51, 57 (2001) (argument usually "limited to only those issues addressed by the parties"). See also Mass. R. A. P. 16 (a) (2), 365 Mass. 860 (1974); Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975) (appellant's brief must state issues presented for review; court need not pass on issues not raised in brief).

notice of a due process challenge to the statute on appeal and therefore did not brief the issue.[7]

1. *Equal protection.* Where a statute does not burden a protected class or a fundamental right, it is presumed to be constitutional and will survive an equal protection challenge if "the classification drawn by the statute is rationally related to a legitimate state interest." *Murphy* v. *Commissioner of the Dep't of Indus. Accs.*, 415 Mass. 218, 227 (1993), *S.C.*, 415 Mass. 218 (1993), quoting *Cleburne* v. *Cleburne Living Ctr., Inc.*, 473 U.S. 432, 440 (1985). See *Fine* v. *Contributory Retirement Appeal Bd.*, 401 Mass. 639, 641 (1988). Sullivan concedes that rational basis is the applicable standard of review, but he argues that the filing fees to contest civil motor vehicle citations violate Federal and State equal protection guarantees because the State, without any rational basis, is treating those who contest these citations differently from those contesting responsibility for other civil infractions. In particular, Sullivan notes that those issued a civil infraction citation for violating G. L. c. 270, § 22 (*b*) (2), which prohibits smoking in a variety of public accommodations, and G. L. c. 94C, § 32L, which prohibits possession of one ounce or less of marijuana, may contest a violation under G. L. c. 40, § 21D, and obtain a hearing before a District Court judge, clerk, or assistant clerk without paying a filing fee. Sullivan also notes that, where a motorist is cited for both a civil motor vehicle infraction and a criminal offense "arising from the same occurrence," G. L. c. 90C, § 3 (C), provides that the noncriminal violation may be adjudicated by a judge without payment of a filing fee, regardless of whether the criminal and noncriminal violations are tried together or severed and tried separately.

---

[7]Sullivan also raises two nonconstitutional arguments on appeal that were not raised below, and that we deem waived. First, he argues that the District Court was not authorized to require payment of fees in cash, where the statute did not so require. Second, Sullivan argues that the requirement in St. 2009, c. 27, § 74, of a fifty dollar fee to appeal the clerk-magistrate's finding is in conflict with rule VII (b) (3) of the Trial Court Rules, the Uniform Rule on Civil Motor Vehicle Infractions (LexisNexis 2010-2011), which states that "[t]here shall be no filing fee" for an appeal to a judge from the finding and disposition of a clerk-magistrate. We recognize that, where a court rule is in irreconcilable conflict with a statute, "the statute supersedes the rule." *Hermanson* v. *Szafarowicz*, 457 Mass. 39, 45 (2010).

We conclude that there is a rational basis for requiring those cited for a noncriminal motor vehicle infraction alone to pay a filing fee and not requiring a filing fee for those contesting other types of civil violations under G. L. c. 40, § 21D. The process provided under G. L. c. 90C, § 3, to those who challenge a motor vehicle violation is significantly greater than that afforded to those who challenge a civil infraction under G. L. c. 40, § 21D. General Laws c. 90C, § 3, provides for the subpoena of witnesses for the hearing; G. L. c. 40, § 21D, does not. Those contesting motor vehicle violations under G. L. c. 90C, § 3, are entitled to a hearing before a judge or clerk-magistrate; those contesting a civil infraction under G. L. c. 40, § 21D, may be heard by an assistant clerk. Those found responsible by a clerk-magistrate for a motor vehicle violation under G. L. c. 90C, § 3, are allowed to obtain a de novo hearing before a judge; those contesting a civil infraction under G. L. c. 40, § 21D, have no entitlement to a de novo hearing on appeal. Where the Legislature provides greater process that imposes greater demands on the resources of the District Court, it is rational for the Legislature to impose filing fees, waivable where a litigant is indigent, to offset part of the additional cost of these judicial proceedings. See *Gillespie* v. *Northampton, ante* 148, 158-160 (2011). See also *Ortwein* v. *Schwab*, 410 U.S. 656, 660 (1973).

The number of hearings on civil motor vehicle citations each year also dwarfs the number of hearings on public smoking and marijuana violations.[8] Where approximately 700,000 motorists cited for moving violations potentially may seek recourse in the District Court each year,[9] and where approximately 200,000

---

[8]In fiscal year 2009, there were 204,231 filings in the District Court for civil motor vehicle infraction clerk-magistrate hearings, but only 11,670 filings for clerk-magistrate hearings for all other (nonmotor vehicle) civil infractions. Massachusetts District Court — Filings by Court — FY 2009. In fiscal year 2010, there were 183,931 filings for civil motor vehicle infraction hearings before a clerk-magistrate, and 14,542 filings for clerk-magistrate hearings on all other civil infractions. Massachusetts District Court, FY 10 Scheduled Magistrate Hearings. We further note that civil motor vehicle infractions constituted seventy per cent of filings for clerk-magistrate hearings in fiscal year 2009 and sixty-eight per cent of such filings in fiscal year 2010.

[9]In 2009, 698,420 citations were issued for motor vehicle violations, both civil and criminal. Motor Vehicle Insurance — Merit Rating Board, Motor Vehicle Violations by Date Written, Overall Summary (2009).

seek clerk-magistrate hearings, see note 8, *supra*, it is rational
for the Legislature to deter frivolous filings by requiring a
twenty-five dollar filing fee, and to deter frivolous appeals from
a clerk-magistrate's finding of responsibility by requiring pay-
ment of an additional fifty dollar fee to schedule a hearing
before a judge. See *Gillespie* v. *Northampton, supra*; *Longval* v.
*Superior Court Dep't of the Trial Court*, 434 Mass. 718, 722-
723 (2001).

It is also rational for the Legislature not to impose filing fees
where a civil motor vehicle infraction is paired with a criminal
charge. The Legislature could rationally have understood that,
where they are paired, civil infractions often place little addi-
tional burden on a court that needs to adjudicate an alleged
criminal violation, even though a noncriminal hearing can in
some cases be severed from the criminal case. G. L. c. 90C,
§ 3 (C) (2).[10] The Legislature could also rationally have under-
stood that separate filings in a paired case, one with a fee and
one without, might impose administrative confusion and costs
on a District Court clerk's office that might not be worth the
fees collected.

We recently confronted a similar equal protection argument
in *Gillespie* v. *Northampton, supra* at 158-161, and found that
the equal protection rights of those appealing from parking cita-
tions were not violated where they were required to appeal their
citations through administrative channels, and were then subject
(unless indigent) to a filing fee to obtain further review by a
judge in the Superior Court. The plaintiffs in that case contrasted
the review they received with the procedures in G. L. c. 40,
§ 21D, and those in G. L. c. 90C, § 3 (A) (4), the statute chal-
lenged here. *Id.* at 158. We concluded that the plaintiffs had
asked us to compare categories of litigants who were differently
situated, and that the Legislature could rationally create differ-
ent procedures for parking citations because of their numerosity
and the relatively minor consequences arising from a finding of

---

[10]Where a person charged with both a criminal and a civil motor vehicle
violation makes a written request for a noncriminal hearing on the civil infrac-
tion, the hearing shall be conducted by a District Court judge, and may be
conducted simultaneously with the criminal trial, or severed from the criminal
trial and heard separately "if justice so requires." G. L. c. 90C, § 3 (C) (2).

violation. *Id.* at 159-160. In other cases, we have similarly permitted the Commonwealth to draw rational distinctions in the treatment of particular types of legal claims or particular classes of litigants. See *Longval* v. *Superior Court Dep't of the Trial Court, supra* (statute designed to curb frivolous litigation by requiring prisoners who have funds in their prison accounts to pay filing fees in civil cases was rationally related to State's objective); *Paro* v. *Longwood Hosp.*, 373 Mass. 645, 651 (1977) (requirement that medical malpractice plaintiffs pay bond in order to have case proceed if screening panel decides claim does not present legitimate question of liability rationally related to aim of assuring continued availability of medical malpractice insurance by deterring frivolous malpractice claims); *Old Colony R.R.* v. *Assessors of Boston*, 309 Mass. 439, 447 (1941) (requirement that real estate tax be paid before taxpayer could obtain hearing on abatement did not violate equal protection clause although only applicable to those owing tax in excess of $1,000 on single parcel). See also *Lindsey* v. *Normet*, 405 U.S. 56, 69-79 (1972) (statute creating expedited process to try landlord's claim of possession against tenant, limited to question of tenant default, did not violate equal protection clause). We conclude here that the classification drawn by the Legislature is rationally related to a legitimate State interest, and that Sullivan's equal protection challenge is without merit.

2. *Ex post facto law.* Sullivan further argues that his rights under the Federal and State ex post facto clauses[11] were violated because he was required to pay the twenty-five dollar filing fee for a noncriminal hearing imposed by St. 2009, c. 27, § 73, even though he was issued the citation and requested a hearing before the statute became effective. An ex post facto law is a law that makes punishable an act that was not punishable when

---

[11]Article I, § 10, of the United States Constitution provides: "No state shall . . . pass any . . . ex post facto law." Article 24 of the Massachusetts Declaration of Rights states: "Laws made to punish for actions done before the existence of such laws, and which have not been declared crimes by preceding laws, are unjust, oppressive, and inconsistent with the fundamental principles of a free government." We interpret the ex post facto clause of the State Constitution to be coextensive with that of the Federal Constitution. See *Doe, Sex Offender Registry Bd. No. 10800* v. *Sex Offender Registry Bd.*, 459 Mass. 603, 618 n.15 (2011).

it was committed, aggravates the nature of the offense or provides a greater punishment than was applicable when the act was committed, or alters the evidentiary rules in effect when the act was committed in order to convict or find a defendant responsible. See *Commonwealth* v. *Bargeron*, 402 Mass. 589, 590-591 (1988), citing *Calder* v. *Bull*, 3 U.S. (3 Dall.) 386, 390 (1798). See also *Weaver* v. *Graham*, 450 U.S. 24, 28 (1981). The prohibition against ex post facto laws is only applicable to statutes that are criminal or punitive in nature. See *Dutil, petitioner*, 437 Mass. 9, 19 (2002); *Doris* v. *Police Comm'r of Boston*, 374 Mass. 443, 450 (1978).

The law challenged in this case, St. 2009, c. 27, § 73, merely assesses a filing fee for judicial review of an alleged motor vehicle infraction and is not criminal or punitive. The question whether a statute is punitive for purposes of ex post facto analysis is one of legislative intent to be discerned from statutory construction, see *Commonwealth* v. *Bruno*, 432 Mass. 489, 500 (2000), and it is plain that, in enacting these filing fees, the Legislature intended to reduce the strain on the court system and offset adjudicatory costs, rather than increase the punishment for motor vehicle infractions. The Legislature amended G. L. c. 90C, § 3, in the fiscal year 2010 budget, see St. 2009, c. 27, and the fees charged were not applied to every alleged violator cited for an infraction, but only to those who wished to challenge the citation and who were not indigent, without regard to the severity of the underlying infraction or the penalty assessed. See *Doe, Sex Offender Registry Bd. No. 10800* v. *Sex Offender Registry Bd.*, 459 Mass. 603, 619-620 (2011) (probation fee not intended as penalty). Cf. *Commonwealth* v. *Cory*, 454 Mass. 559, 566 (2009). Nor is " 'the statutory scheme . . . so punitive either in purpose or effect as to negate [the State's] intention' to deem it 'civil.' " *Kansas* v. *Hendricks*, 521 U.S. 346, 361 (1997), quoting *United States* v. *Ward*, 448 U.S. 242, 248-249 (1980). These circumstances make clear that the filing fees imposed under St. 2009, c. 27, § 73, are not punitive and cannot successfully be challenged under the prohibition against ex post facto laws.

*Conclusion.* For the reasons described above, we conclude that St. 2009, c. 27, §§ 73-74, do not violate equal protection guarantees and that the application of § 73 did not violate the

ex post facto clause. We affirm the denial of Sullivan's motion seeking a refund of the filing fees.

*So ordered.*