NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-276

DEPARTMENT OF STATE POLICE

vs.

KERRY MCAULIFFE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Kerry McAuliffe, the defendant, appeals from a decision and order of the Appellate Division of the District Court Department upholding a finding that he was responsible for failing to have a vehicle inspection sticker under G. L. c. 90, § 20. We affirm.

Background. On February 23, 2024, a Massachusetts State Police trooper saw a vehicle changing lanes without using a turn signal. The trooper pulled the vehicle over, determined that it did not have an inspection sticker, and issued the defendant a citation for failure to have an inspection sticker, a number plate violation, and failure to signal.

At a District Court hearing on June 27, 2024, the defendant argued as to the failure to have an inspection sticker that he was not responsible because he had been improperly cited. Specifically, the defendant argued that the citation issued to him by the trooper listed a violation of G. L. c. 90, § 20B (emphasis added), a statute repealed in 1967, rather than G. L. c. 90, § 20. The District Court judge heard testimony from the trooper that the defendant admitted at the time of the stop that he did not have an inspection sticker. The defendant also conceded that, during the traffic stop, the trooper informed the defendant verbally of the violation for which he was being cited. The judge concluded that the defendant had proper notice that he was cited for a violation of G. L. c. 90, § 20, and found the defendant responsible.

A panel of the Appellate Division affirmed the District Court judge's finding that the defendant was responsible for the failure to have an inspection sticker. The panel reasoned that the text "90/20/B" on the citation was an "administrative" code and that the defendant was verbally informed of the reason for the citation, by the trooper, prior to the hearing.[1] This appeal followed.

---

[1] The District Court docket shows that the Appellate Division held a hearing, but the panel's decision states it reviewed "the record before us, including the audio recording of the judicial hearing." Neither brief refers to an evidentiary

Discussion. The defendant argues on appeal that he cannot be found responsible because he was erroneously charged under G. L. c. 90, § 20B, a repealed statute, and that the panel of the Appellate Division erred in concluding that "the reference to '90/20/B' is just administrative coding." Appellate review of civil motor vehicle infractions is limited to questions of law. Burlington Police Dep't v. Hagopian, 100 Mass. App. Ct. 720, 726 (2022); G. L. c. 90C, § 3 (A) (5). Assuming, without deciding, that the defendant has framed a question of law, our review is constrained to the question whether the citation gave the defendant sufficient notice of the statute he was accused of violating.

We pause to address the fact that the defendant's contentions are inadequate to rise to the level of appellate argument. While we are not insensitive to the challenges of proceeding as a self-represented litigant, such litigants are bound by the same rules and requirements as represented parties and are responsible for presenting the materials necessary to permit meaningful appellate review. See Mass. R. A. P. 18 (a), as appearing in 481 Mass. 1637 (2019); Brossard v. West Roxbury Div. of the Dist. Court Dep't, 417 Mass. 183, 184 (1994). The defendant failed to meet this standard and has advanced

hearing, and no transcript was provided; nothing turns on this discrepancy.

3

arguments without citation to any legal authority.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019). See also Gaffney v. Contributory Retirement Appeal Bd., 423 Mass. 1, 6 n.4 (1996) (conclusory statements in brief do not rise to level of appellate argument); Zora v. State Ethics Comm'n, 415 Mass. 640, 642 n.3 (1993) (same).

Notwithstanding, we choose to address whether the evidence sufficed to establish that the defendant knew he was cited for a violation of G. L. c. 90, § 20.  Review of the citation shows that under the section labeled "OFFENSE(S)," in a column titled "description of offense," the defendant was accused of "INSPECTION STICKER, NO * c90, § 20."  This adequately alleged a violation of § 20 and provided notice to the defendant of the infraction for which he was cited.  Under a column titled "CHAP/SEC/SUB," the citation also states "A.  90/20/B"; the defendant argues that the "90/20/B" is a reference to the repealed statute, G. L. c. 90, § 20B.  We disagree.  In another field, describing another infraction with which the defendant was charged (that is not at issue here), the citation reads "90/14B," referencing G. L. c. 90, § 14B.  Comparing the two fields shows that no forward slash is used between the number and the letter when a section of a statute containing a letter

4

is referenced.[2]  Therefore, we conclude that that the Appellate Division did not err and we affirm the finding that the defendant was responsible for the violation of G. L. c. 90, § 20.[3]

> Decision and order of the Appellate Division affirmed.

> By the Court (Rubin, Desmond & Allen, JJ.[4]),

> *Paul Little*

> Clerk

Entered: June 12, 2026.

---

[2] Although it does not affect our conclusion that the citation adequately charged a violation of § 20, we note that the "/B" in this column is mysterious.  One might expect a subsection to be listed there, but § 20 has no subsections.  Those who draft and fill out these forms should take care to do so in a manner that can leave no confusion about the charged offense.

[3] The defendant raises several other issues in his brief, but as far as we can tell, they were not raised in the Appellate Division.  They are not mentioned in the panel's decision and are not properly before us.  Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006) ("An issue not raised or argued below may not be argued for the first time on appeal" [citation omitted]).

[4] The panelists are listed in order of seniority.

5